UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charlie's Project, LLC, et al., | * |
| | * |
| Plaintiffs, | * |
| | *   Civil Action No. 18-cv-11240-IT |
| v. | * |
| | * |
| T2B, LLC, et al., | * |
| | * |
| Defendants. | * |

ORDER & MEMORANDUM

February 13, 2019

TALWANI, D.J.

Before the court is Defendants' <u>Motion to Dismiss and Compel Arbitration</u> [#7]. For the following reasons, the motion is DENIED IN PART and ALLOWED IN PART.

I. <u>Background</u>

In December 2016, Plaintiff Anna Hernandez, as owner of Charlie's Project, and Defendant T2B, LLC ("T2B") executed two agreements, the Distribution Agreement [#9-1] and the Services and Logistics Agreement [#9-2]. The Distribution Agreement detailed T2B's agreement to serve as the "exclusive wholesale distributor" of Charlie's Project's products. Dist. Agreement [# 9-1] at 3.[1] The Services and Logistics Agreement outlined T2B's agreement to store and ship Charlie's Project's products. Serv. and Logistics Agreement [#9-2] at 2. These agreements (collectively the "2016 Agreements") contain no clauses requiring arbitration of disputes. On January 17, 2017, Charlie's Project became a Limited Liability Company, Plaintiff Charlie's Project, LLC ("CP"), and on January 18, 2017, Plaintiff Hernandez purchased an

---

[1] All page numbers refer to pagination in the header of documents generated on CM/ECF.

ownership interest in Defendant T2B and executed an LLC Agreement (the "2017 Agreement") [#9-3] with T2B, Defendant Brandon McDaniel (T2B's founder), and two others. The 2017 Agreement contains the following provision:

> 14.23 <u>Arbitration</u>. Unless injunctive action is sought, all claims, demands, disputes, controversies and differences that may arise between or among any of the Disputing Parties concerning any issue relating to the interpretation or enforcement of this Agreement or relating to the rights or liabilities of any of the Disputing Parties under this Agreement, any management agreement, or cross indemnification agreement, shall be exclusively determined and settled by arbitration.
>
> …(e) except where in conflict with the terms of this paragraph 14.23, the AAA Rules shall govern the Arbitration proceedings…

2017 Agreement [#9-3] at 33-34.

In October 2017, Plaintiffs commenced this action in Superior Court against T2B, Brendon McDaniel, and his spouse Nicole McDaniel. Complaint, State Court Record [#1-1]. Plaintiffs alleged that T2B manufactured an inferior product, altered CP's branding without permission, deprived CP of rights to exclusive product designs in violation of the Distribution Agreement, sold directly to end users in violation of the Distribution Agreement's wholesale requirements, failed to meet shipping obligations in violation of the Distribution Agreement, charged CP fees in violation of the Distribution Agreement, failed to follow the Services and Logistics Agreement's shipping payment schedule, terminated the Services and Logistics Agreement in violation of the agreement's terms, overcharged for shipping under the Services and Logistics Agreement, refused to provide Plaintiffs access to T2B's financial records in violation of the Distribution Agreement, refused to return inventory in violation of the Services and Logistics Agreement, and retained copies of CP's customer list in violation of the 2016 Agreements. <u>Id.</u> at 2-14. The suit alleged breach of contract and breach of the implied covenant of good faith and fair dealing (based on alleged breaches of the 2016 Agreements), unfair trade practices, misappropriation, and defamation. <u>Id.</u> at 10-12.

2

Defendants moved to dismiss and compel arbitration, citing the 2017 Agreement's arbitration clause. State Court Record [#1-1] at 44. The Superior Court (Salinger, J.) denied the motion, finding none of Plaintiffs' claims implicated the 2017 Agreement. Superior Court Mem. and Order [#15-1] at 2.

In May 2018, Plaintiffs amended their complaint, adding additional claims arising from the 2016 Agreements and claims for trademark infringement. State Court Record [#1-1] at 74-107. Defendants removed to this court based on the federal trademark claims and again moved to dismiss and to compel arbitration.[2] Notice of Removal [#1]; Def.'s Mot. to Dismiss and Compel Arbitration [#7].

II. <u>Discussion</u>

A. Law of the Case

Plaintiffs contend that the law of the case doctrine bars reconsideration of the Superior Court's decision denying Defendants' first motion to dismiss and to compel arbitration. Pl.'s Mem. [#15] at 9. "Under the law of the case doctrine, when a court decides upon a rule of law that decision should continue to govern the same issues in subsequent stages in the same case." <u>Negron-Almeda v. Santiago</u>, 579 F.3d 45, 50 (1st Cir. 2009) (internal quotation marks and citation omitted). "[L]aw-of-the-case rules afford courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated." <u>United States v. Connell</u>, 6 F.3d 27, 30 (1st Cir. 1993). However, "law of the case permits a lower court to review prior interlocutory orders as long as that review is not an abuse of

---

[2] Defendants did not move to dismiss on any grounds independent of their motion to compel arbitration.

3

discretion." Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005) (affirming district court's dismissal of case after reconsideration of state court's ruling that defendant's contacts with forum satisfied requirements of personal jurisdiction).

The court finds further review appropriate. Although its reasoning was sound, the Superior Court relied in part on cases which the United States Supreme Court has since abrogated in Henry Schein, Inc. et al. v. Archer and White Sales, Inc., 139 S. Ct. 524 (2019).

In addition, the Superior Court ruled prior to Plaintiffs amending their complaint and thus did not address the operative complaint. "An amended complaint, once filed, normally supersedes the antecedent complaint." Connectu LLC v. Zuckerberg, et al., 522 F.3d 82, 91 (1st. Cir. 2008). Where a party has filed an amended pleading, the law of the case doctrine does not apply if the amended pleading differs meaningfully from the pleading upon which the court has already ruled. Compare Plummer v. Gordon, 193 F. Supp. 2d. 460, 463 (D. Conn. 2002) (declining to be limited by law of the case doctrine where "the court ha[d] never issu[ed] a ruling regarding the Amended Complaint, which differ[ed] substantially from the previously filed complaint.") with Weslowski v. Zugibe, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015) (holding law of the case doctrine discourages reconsideration of dismissal of first Complaint where Amended Complaint was "in large part identical to Plaintiffs' first Complaint"). Here, the Amended Complaint does differ substantially by including the trademark infringement claims.

Accordingly, the court turns to the merits of Defendants' arguments.

B. Arbitration Clause

"When deciding a motion to compel arbitration, a court must determine whether (i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration.

Only if all three prongs of the test are satisfied will a motion to compel arbitration be granted." Combined Energies v. CCI, Inc., 514 F.3d 168, 171 (1st Cir. 2008) (internal quotations and citation omitted). Here, there is no arbitration provision in the 2016 Agreements and no claim that Defendants have waived their right to arbitration. Accordingly, the only question at issue is whether the dispute fall within the scope of the arbitration provision in the 2017 Agreement.

1. Intellectual Property Claims

The 2017 Agreement contains a provision reserving all rights to work products "made or conceived [by Hernandez] during the term of this Agreement and which relate or pertain in any way to the business of T2B." Defendants contend that their defense to Plaintiffs' intellectual property claims will be to assert ownership of disputed trademarks and branding, under the 2017 Agreement and its arbitration clause, even as to intellectual property created prior to the 2017 Agreement. Def.'s Mem. [#8] at 10-11.

By its literal terms, the work product clause, and therefore Defendants' potential defense, applies only to intellectual property created during the term of the 2017 Agreement, and not intellectual property created prior to that date. Although it seems that this necessarily excludes intellectual property conceived of before the Agreement's January 2017 execution, the Supreme Court has recently made clear that when the parties' contract delegates the question of arbitrability to an arbitrator, an arbitrator and not this court must determine if a dispute falls within the scope of the arbitration clause, even if the court views the claim to arbitration "wholly groundless." See Henry Schein, Inc. et al. v. Archer and White Sales, Inc., 139 S. Ct. 524 (2019). In Henry Schein, Inc., the arbitration clause mandated that "[a]ny dispute arising under or related to this Agreement…shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association [(AAA)]." Id. at 528. Here, the arbitration

provision of the 2017 Agreement delegates "any issue relating to the interpretation or enforcement of this Agreement" to an arbitrator and incorporates the AAA rules. 2017 Agreement [#9-3] at 33-34. Considering the Supreme Court's interpretation of the similar arbitration clause in Henry Schein, Inc. in light of the Federal Arbitration Act, the court concludes that an arbitrator must determine the arbitrability of the defense to the intellectual property claims. Accordingly, Defendants' Motion to Dismiss and Compel Arbitration [#7] is ALLOWED IN PART as to Defendants' defense to Plaintiffs' intellectual property claims, Counts 11-13, and those claims are stayed in this court pending the decision of an arbitrator.

2. All Other Claims

Defendants further argue that if any intellectual property falls within the work product clause, the entire case needs to be arbitrated because the agreements are "inexplicably intertwined." Def.'s Mem. [# 8] at 11. The First Circuit has addressed similar circumstances, where parties have multiple agreements, only one of which has a clause mandating arbitration, and a dispute arises under the agreement without an arbitration clause. In Fit Tech, Inc. v. Bally Total Fitness Holding Corp., 374 F.3d 1 (1st Cir. 2004), the parties had executed two agreements, one for Defendants' purchase of Plaintiffs' businesses and one for the Defendants' employment of Plaintiffs. The employment agreement contained a general arbitration clause, referring to disputes "arising out of" that agreement. Id. at 9. Plaintiffs sued for violation of terms of the purchase agreement. Id. at 1. The First Circuit rejected Defendants' contention that the employment agreement mandated arbitration of the purchase agreement claims saying, "[t]he 'arising out of' language is plainly inapplicable; the complaint itself makes clear that all of the claims in the district court case arise out of supposed breaches of the purchase agreement." Id. The court further rejected Defendants' argument that the "distinction between the two

6

agreements [was] artificial." Id. at 10 ("No one can seriously argue that clauses can be plucked at random from one agreement and inserted into the other."). The First Circuit has since reaffirmed this approach in similar circumstances. See Combined Energies, 514 F.3d (affirming denial of motion to compel arbitration where one of parties' agreement had an arbitration clause and plaintiff's claims arose from alleged breach of different agreement, noting "[i]f the parties had intended the arbitration clause to apply to their agreement writ large or to each of the 'Contract Documents' individually, it would have been as easy to state that expressly").

III. Conclusion

Accordingly, Defendants' Motion to Dismiss and Compel Arbitration [#7] is ALLOWED IN PART as to Defendants' defense to the intellectual property claims, Counts 11-13, and otherwise DENIED. Counts 11-13 are STAYED, pursuant to 9 U.S.C. § 3 (requiring a stay of proceedings during pendency of arbitration where an agreement to arbitrate governs dispute).

IT IS SO ORDERED.

February 13, 2019                                         */s/ Indira Talwani*_____
                                                                       United States District Judge